UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW SCOTT DOWELL, BOP #22131-041, § § § *Plaintiff*, § § vs. § § WARDEN H. KOBAYASHI, *et al.*, § § *Defendants*. § § | CIVIL ACTION NO. H-22-4486 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Matthew Scott Dowell (BOP #22131-041), is a pretrial detainee in custody at the Houston Federal Detention Center. Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint against Warden H. Kobayashi and Senior Attorney Troy Dorrett, alleging that they have violated his constitutional right of access to the courts through restrictions on his use of the law library. (Dkt. 1). At the Court's request, Dowell also filed a More Definite Statement of his claims. (Dkt. 8).

Because Dowell is a prisoner seeking relief from the government, the Court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2)(B) (providing for screening of complaints filed by prisoners who are proceeding *in forma pauperis*). "As part of

this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Having conducted this required screening, the Court dismisses Dowell's action with prejudice for the reasons explained below.

## I. BACKGROUND

Dowell is currently in pretrial detention on a pending charge of conspiracy to receive and distribute child pornography. *See United States v. Dowell*, Case No. 4:19-cr-00719-5 (S.D. Tex). The Court appointed counsel to represent Dowell in those proceedings. *Id.* at Dkt. 91. It appears from the publicly available records that Dowell has accepted a plea offer and is awaiting sentencing. *Id.* at Dkt. 444. Sentencing is currently set for March 23, 2023. *Id.* at Dkt. 470.

On December 23, 2022, Dowell filed a civil rights complaint against Warden Kobayashi and Senior Attorney Dorrett, both of whom are employed at the Federal

Detention Center ("FDC") where Dowell is currently incarcerated. (Dkt. 1). Dowell alleges that after he was denied access to the law library computers, he filed a BP-8 Informal Remedy Request form seeking relief. (*Id.* at 2). In response to the BP-8, Dowell was advised that his computer access had been revoked because he is under investigation for violations of the FDC's computer use policy. (Dkts. 1, p. 2; 8, p. 1). The response on the BP-8 form advised Dowell that he could request the books he needed from the law library and that they would be provided to him. (Dkt. 1, p. 2).

Dowell alleges that he submitted an inmate request form to the library listing the books he needed. (Dkts. 1, p. 2; 8, p. 2). Dorrett responded to the request by stating that the FDC does not provide the books Dowell requested to inmates because they are available on the electronic law library. (*Id.*). Dorrett also told Dowell that because he was currently barred from accessing the electronic law library, Dowell would have to ask his attorney to provide legal research. (Dkt. 1, p. 2).

Dowell alleges that he later spoke with Warden Kobayashi about the matter, and Warden Kobayashi told him to "file his remedies" through the Administrative Remedy Program. (*Id.*). Dowell alleges that he twice submitted BP-8 Informal Request forms raising the issue, but he has not received a response to either request. (*Id.*). Dowell also alleges that prison officials have refused to provide him with a BP-9 Administrative Remedy Request form until he receives a written response to

3

his BP-8 Informal Requests. (Dkt. 8, p. 4).

Dowell alleges that Warden Kobayashi has violated and is violating his right of access to the courts by blocking his access to the electronic law library based on an allegation made by a fellow inmate and without any evidence that Dowell did anything wrong. (Dkt. 8, p. 3). He alleges that Dorrett has violated and is violating his right of access to the courts by refusing to provide him with the requested materials in book form since Dowell is barred from using the electronic law library. (*Id.*). Dowell alleges that he needs law library access because he believes that appointed counsel in his criminal case has made mistakes by omitting critical evidence from a motion to suppress and by failing to file a motion to dismiss the indictment on the basis of selective prosecution. (*Id.* at 2-3). He alleges that he needs to conduct research to determine whether appointed counsel made mistakes and, if so, to have the law necessary to present his claims of ineffective assistance of counsel to the courts. (*Id.*). He alleges that by interfering with his ability to prepare for trials and hearings, Warden Kobayashi and Dorrett have denied his right of access to the courts. (*Id.*).

As relief, Dowell seeks a declaratory judgment from this Court finding that the actions of Warden Kobayashi and Dorrett violated his constitutional right of access to the courts. (Dkt. 1, p. 3). He also seeks an injunction ordering Warden Kobayashi and Dorrett to provide him with adequate legal materials to permit him

4

to prepare for hearings and possibly a trial. (*Id.*).

## II. DISCUSSION

The constitutional right of access to the courts arises from one of two sources: (1) the Due Process Clause, which "assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights," *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974); or (2) the First Amendment, which protects a prisoner's right to petition the government for grievances. *See Calif. Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972); *see also Brewer v. Wilkinson,* 3 F.3d 816, 820-21 (5th Cir. 1993) (identifying these two sources of the right of access to the courts).

While constitutional violations by persons acting under color of state law may be raised in an action under 42 U.S.C. § 1983, there is no statutory basis for a claim based on a constitutional violation by a federal actor. Instead, actions for violations of constitutional rights by federal actors and those acting under color of federal law are authorized, in some instances, by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001). The Supreme Court has since characterized a *Bivens* action as the "federal analog to suits brought against state officials under . . .

5

42 U.S.C. § 1983." *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

But a *Bivens* action is not available to remedy every constitutional violation that may be committed by a federal actor. The *Bivens* decision implied a cause of action for damages under the Fourth Amendment for alleged violations of the plaintiff's right to be free from unreasonable searches and seizures by federal officials. *See Bivens*, 403 U.S. at 397. The Supreme Court later used *Bivens* to imply causes of action for gender discrimination under the Due Process Clause of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 241-42 (1979), and for failing to provide adequate medical treatment in violation of the Eighth Amendment. *See Carlson v. Green*, 446 U.S. 14, 18-19 (1980).

Since *Carlson*, however, the Supreme Court has repeatedly declined to extend *Bivens* to allow new constitutional claims. *See Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (noting that "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"); *Malesko*, 534 U.S. at 68. The Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1857 (2017) (citing *Iqbal*, 556 U.S. at 675). Because of this "disfavored" status, federal courts must undertake a two-step inquiry when deciding whether to extend the *Bivens* remedy to a new constitutional claim. *See Hernandez*, 140 S. Ct. at 743.

First, the court considers whether the request to extend *Bivens* "involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" *Id.* (citing *Malesko*, 534 U.S. at 68); *see also Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019) (noting that the court must first determine whether the plaintiff's claims "fall into one of the three existing *Bivens* actions"). A case presents a "new context" if it is different in a meaningful way from previous *Bivens* cases decided by the Supreme Court. *See Abbasi*, 137 S. Ct. at 1859. Examples of such differences include

> the rank of the officers involved; *the constitutional right at issue*; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860 (emphasis added).

Second, if the claim does arise in a "new context," the court must consider whether there are "special factors counselling hesitation" about using *Bivens* to imply a new cause of action. *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18). "A special factor is a sound reason to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). Special factors include the availability of a statutory cause of action; the length of

7

time Congress has had to create a *Bivens*-like cause of action for that claim, and the underlying nature of the federal official's activity. *See Cantú*, 933 F.3d at 422. If special factors exist, the court should not extend *Bivens* to imply a new cause of action. *See Carlson*, 446 U.S. at 18; *Canada*, 950 F.3d at 309 (noting that courts must refrain from creating an implied cause of action if any special factors exist).

Dowell's claim arises in a new context because the Supreme Court has not previously implied a cause of action for a violation of the right of access to the courts. *See Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (noting that "virtually everything" other than strip-searching a plaintiff in violation of the Fourth Amendment, gender discrimination in violation of the Fifth Amendment, and failure to provide medical care to a prisoner in violation of the Eighth Amendment is a new context); *see also Montalban v. Samuels*, No. 21-11431, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022) (concluding that a claim of denial of access to the courts was meaningfully different than a claim of gender discrimination and so did not fall under the recognized *Bivens* extension for due process claims under the Fifth Amendment). Because Dowell's claim arises in a new context, the Court must consider whether special factors exist that would counsel against extending *Bivens* to this type of claim.

And in the context of Dowell's claim, two special factors exist. First, an alternate form of relief exists through the Administrative Remedy Procedure

provided by the Bureau of Prisons. *See* 28 C.F.R. §§ 542.10 *et seq.*; *see also Watkins v. Carter*, No. 20-40234, 2021 WL 4533206, at *2 (5th Cir. Oct. 4, 2021) (noting that the Bureau of Prisons' Administrative Remedy Program provides an alternative method of relief to a *Bivens* action). Second, Congress's failure to enact legislation to extend the reach of *Bivens* to cover access-to-courts claims militates against judicially creating this cause of action. *See Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022) (refusing to use *Bivens* to imply a First Amendment claim for retaliation because "Congress is better positioned to create remedies" for constitutional violations). Because these two special factors exist, this Court will not extend *Bivens* to imply a new cause of action for violation of the right of access to the courts, and Dowell's complaint does not state a claim upon which relief can be granted.

Moreover, even if this Court were to imply a cause of action under *Bivens* for the violation of a right of access to the courts, Dowell would not be entitled to the relief he seeks. Dowell asks this Court to award him declaratory and injunctive relief. But even when relief under *Bivens* is generally available, a plaintiff is entitled to only monetary, not injunctive, relief. *See Butz v. Economou*, 438 U.S. 478, 504–05 (1978); *see also Chappell v. Wallace*, 462 U.S. 296, 298 (1983) (characterizing a *Bivens* action as a "suit for damages against federal officials" and declining to extend *Bivens* to a petition seeking declaratory relief and injunctive relief). Because the relief Dowell seeks is unavailable in an action under *Bivens*, he would not be entitled

9

to the relief he seeks even if this Court were to imply a new *Bivens* cause of action.

In sum, Dowell's complaint does not allege a recognized cause of action under *Bivens*, and the two-step inquiry required by the Supreme Court for reviewing new causes of action leads this Court to conclude that it should not use *Bivens* to imply a cause of action in this case. Because Dowell's complaint does not state a claim upon which relief can be granted under *Bivens*, this action must be dismissed.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Dowell's complaint, (Dkt. 1), is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

2. Any pending motions are **DENIED as moot**.

3. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk of Court will send a copy of this order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on  Feb. 24 , 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

10